## The Robert B. King.

## The Mary Lymburner.

### *(District Court, D. Massachusetts. May 31, 1892.)*

COLLISION—SAIL VESSELS BEATING—DUTY TO RUN OUT TACK.
  Two schooners were sailing in the same general direction, closehauled on the port tack. The swifter vessel, the K., passed the other, the L., to leeward, and then came about on the starboard tack, and was struck before she had fairly gathered headway. There was sea room enough for the K. to have continued further on her port tack. *Held,* that the L. had the right to assume that the other vessel would beat out her tack, and that for her failure to do so the K. was liable.

In Admiralty. Cross libels for collision.
*Frederic Dodge* and *Edward S. Dodge,* for the Mary Lymburner.
*Thomas J. Morrison,* for the Robert B. King.

NELSON, District Judge. These cases are cross libels for collision between the schooner Robert B. King and the schooner Mary Lymburner. The collision occurred on the afternoon of December 12, 1891, near Bishop and Clerks light, on Nantucket shoals. The weather was fine. They were both small coasting schooners, laden with lumber, with high deck loads, and were bound to the westward. They were running in the same general direction, with all lower sails set, closehauled on the port tack, and were beating into Hyannis harbor against a head wind for shelter, the King being to the leeward. The Lymburner was going about five knots. The King was sailing faster than the Lymburner, and having passed her to leeward, came in stays to go about on the opposite tack, thereby ranging across the bows of the Lymburner and getting directly in her course. After she began to fill away and before she had fairly gathered headway, she was struck by the Lymburner with a square blow at the main rigging on the port side. Upon these facts the conclusion is inevitable that the collision was caused by the King's luffing across the bows of the Lymburner in such close proximity as to render it impossible for the Lymburner to avoid the collision by any change of course.

The claim of the King is that she had passed the Lymburner from a: quarter to half a mile before she began to make her tack. But all the circumstances of the case point the other way. The evidence on the part of the Lymburner is that the coming in stays by the King was immediately seen by those in charge of the Lymburner, and her helm was instantly put hard up, and her mainsheet let go, in the hope of causing her to fall off and go under the stern of the King, which was the only possible way of avoiding or lessening the force of the impending blow, and though the Lymburner fell off somewhat, yet there was not time or room to go clear. I am satisfied that this is a correct statement of what occurred, and that the claim of the King that there was sufficient room is wrong. The King further claims that she was then getting into shoal water, and was obliged to go about for her own safety. This belief of her master was undoubtedly the reason of his going about when he did, but he was mistaken. There was ample, room for her to proceed much further towards the shore without danger. Her master lacked in experience and was unacquainted with the navigation at this point, and this accounts for the disaster. The men on the Lymburner were familiar with the locality, and had the right to assume that the King would run out her course. The change by the latter was sudden and unexpected, and was without excuse. The libel against the Lymburner is dismissed with costs, and in the libel against the King there is to be a decree for the libelants.

Ordered accordingly.